IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
MAR 2 3 2015



Emery Heine, Jr. and Cheryl Heine,

**PLAINTIFFS,**

V.

CIVIL ACTION NO. 15-CV-4061

COMPLAINT

Shelby R. Pinkelman and Brian Kramer,

**DEFENDANTS.**

COMES NOW the Plaintiffs and for their causes of action against the Defendants, state and allege:

1.

Plaintiffs are residents of the State of South Dakota.

2.

On information and belief, at all times material hereto Defendant Pinkelman was a resident of the State of Wyoming and Defendant Kramer was a resident of the State of Nebraska.

3.

The amount in controversy, without interest or costs, exceeds the sum or value specified by 28 U.S.C § 1332.

4.

That on June 1, 2012, Plaintiff Emery Heine, Jr. ("hereinafter "Emery") was driving a motor vehicle southbound on Nebraska Highway 57 approaching the intersection with westbound Nebraska Highway 84 and eastbound 882nd Road in Cedar County, Nebraska.

5.

At the same time, Defendant Pinkelman was driving her vehicle westbound on 882nd Road toward the intersection with Nebraska Highway 57. A stop sign at the intersection required Defendant Pinkelman to stop and yield to traffic on Highway 57.

6.

At the same time, Defendant Kramer was driving his vehicle eastbound on Nebraska Highway 84 toward the intersection with Nebraska Highway 57. A stop sign at the intersection required Defendant Kramer to stop and yield to traffic on Highway 57.

## FIRST CAUSE OF ACTION
## NEGLIGENCE BY DEFENDANT PINKELMAN

7.

Plaintiffs re-allege paragraphs 1 – 6 as if fully set forth herein.

8.

Defendant Pinkelman was negligent in entering the intersection and failing to yield to Emery's vehicle and causing a collision injuring Emery.

9.

That the negligence of Defendant Pinkelman included, but was not limited to, the following:

    a. Reckless driving;

    b. Failure to yield; and

    c. Failing to keep a proper lookout.

10.

That as a direct and proximate result of the negligence and recklessness of Defendant Pinkelman, Plaintiff has suffered or will suffer:

a. Serious and permanent injuries;

b. Permanent disability and impairment;

c. Great mental and physical pain and suffering;

d. Past and future medical expense;

e. Loss of the normal pleasures of life to which he was formerly accustomed;

f. Loss of earnings; and

g. Loss of earning capacity.

## SECOND CAUSE OF ACTION
## NEGLIGENCE BY DEFENDANT KRAMER

11.

Plaintiffs re-allege paragraphs 1 – 10 as if fully set forth herein.

12.

Defendant Kramer was negligent in indicating or waving Defendant Pinkelman to enter the intersection and cross Nebraska Highway 81 resulting in a collision involving Defendant Pinkelman's vehicle and Emery's vehicle resulting in injuries to Emery.

13.

That the negligence of Defendant Kramer included, but was not limited to, the following:

a.   Failing to keep a proper lookout; and

3

    b.     Signaling to Defendant Pinkelman to enter the intersection or cross Nebraska Highway 81 when it was not safe and Emery's vehicle was approaching from the south with the right of way.

### 14.

That as a direct and proximate result of the negligence and recklessness of Defendant Kramer, Plaintiff has suffered or will suffer:

    a.  Serious and permanent injuries;

    b.  Permanent disability and impairment;

    c.  Great mental and physical pain and suffering;

    d.  Past and future medical expense;

    e.  Loss of the normal pleasures of life to which he was formerly accustomed;

    f.  Loss of earnings; and

    g.  Loss of earning capacity.

### THIRD CAUSE OF ACTION
### LOSS OF CONSORTIUM

### 15.

Plaintiffs re-allege the preceding paragraphs as if set forth fully below.

### 16.

At the time of the acts complained of, Emery and Cheryl Heine were married.

17.

That as a result of the wrongful and negligent acts of the Defendants, and each of them, Cheryl was caused to suffer loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of the marital relationship.

WHEREFORE, Plaintiffs pray they be awarded the following from the Defendants:

a. Monetary damages in an amount adequate to compensate Emery for his personal injuries and for the cost of his past and future medical expenses.

b. Loss of earnings and earning capacity.

c. Interest including pre-judgment interest.

d. Costs and disbursements herein.

e. For such other and further relief as is just and equitable in the premises.

Dated this 16th day of March, 2015.

KENNEDY PIER KNOFF LOFTUS, LLP

_____
Steven L. Pier
322 Walnut Street
Yankton, SD 57078
spier@yanktonlawyers.com
(605) 665-3000
*Attorneys for Plaintiffs*

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES